**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wanda Waldon, | No. CV-21-00614-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| US Bank, | |
| Defendant. | |

Before the Court is Plaintiff's application to proceed in forma pauperis (Doc. 6), which the Court will grant. The Court must dismiss a case filed in forma pauperis if "at any time the court determines" that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Having reviewed Plaintiffs' complaint, the Court concludes that it fails to state a claim on which relief may be granted and will dismiss it.

Here, the gravamen of Plaintiff's complaint appears to be that US Bank breached an implied contract with her and committed theft, fraud, and extortion when it placed a fraud protection block on her account, which remains unless Plaintiff verifies her identity. (Doc. 1.) Plaintiff is frustrated because the block remains, preventing her from accessing her funds, since she has failed to electronically provide verifying photographic information to US Bank because of her camera's glare and lack of focus. While Plaintiff is undoubtedly

upset by the inconvenience she has experienced, the block on Plaintiff's account is temporary and customary. It does not plausibly provide the basis for a breach of contract, conversion, fraud, or extortion claim.

US Bank, to combat financial fraud and to protect its customers, has adopted certain fraud prevention measures, such as 24/7 surveillance and reversible blocks on accounts following perceived suspicious activity.[1] Information regarding US Bank's fraud prevention procedure is widely and readily available on its website and in its promotional materials. Looking to "the conduct of the parties and the circumstances surrounding their transaction," Plaintiff cannot plausibly allege that the imposition of a block constituted a breach of implied contract. *Carroll v. Lee*, 712 P.2d 923, 926-27 (Ariz. 1986). Nor can she contend that US Bank's implementation of their standard and quickly reversible protection mechanism constituted conversion or extortion. Plaintiff can quickly ensure that the block is removed by providing verifying photographic information to US Bank in accordance with their security protocol.

US Bank's account block also cannot form the basis of a fraud claim. A plaintiff must plead a claim for fraud with particularity. The elements for fraud include, "(1) [a] representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) [the speaker's] intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) [the hearer's] reliance on its truth; (8) [the hearer's] right to rely thereon; and (9) [the hearer's] consequent and proximate injury." *Nielson v. Flashberg,* 419 P.2d 514, 517-18 (Ariz. 1966). Plaintiff has not and cannot plausibly allege the existence of any representation that could form the basis of a fraud claim, nor has she pled her claim with particularity.

In sum, Plaintiff's complaint fails to state a claim to relief that is plausible on its face, and such failure cannot be remedied by amendment.

---

[1] The Court visited US Bank's website, reviewed its fraud prevention material, and takes judicial notice of US Bank's fraud prevention protocol as information that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2).

**IT IS ORDERED** that Plaintiff's motion to proceed in forma pauperis (Doc. 6) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED WITH PREJUDICE.**  The Clerk of Court is directed to terminate this case.

Dated this 3rd day of May, 2021.

Douglas L. Rayes
United States District Judge